**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO McKENZIE, | No. 12-56841 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01490-LAB-MDD |
| v. | |
| G. ELLIS, Sergeant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

California state prisoner Gustavo McKenzie appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging First and

Fourteenth Amendment violations arising from the denial of a religious diet to him

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument, and therefore, denies McKenzie's request for oral
argument.  See Fed. R. App. P. 34(a)(2).

as a Rastafarian. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009), and we affirm.

The district court properly dismissed McKenzie's claim for denial of free exercise of religion because denying McKenzie's special requests for poultry was consistent with his religious diet, and because regulations requiring McKenzie to re-apply to the religious diet program at his new prison were related to valid penological interests and did not unduly burden his ability to practice his religion. *See Resnick v. Adams*, 348 F.3d 763, 768-71 (9th Cir. 2003) (requiring an application to provide a religious diet does not unduly burden a prisoner's right to practice his religion); *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (prisons have a valid interest in keeping their food service system administratively simple); *see also Turner v. Safley*, 482 U.S. 78, 89, 90-91 (1987) (regulations impinging on constitutional rights are valid if reasonably related to valid penological interests).

The district court properly dismissed McKenzie's equal protection claim because McKenzie failed to allege that defendants intentionally discriminated against him based on his religion by failing, on some occasions, to accommodate his special request to be served poultry even though he opted for a religious vegetarian diet. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir.

2005) (to state an equal protection claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)); *see also Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." (citation and internal quotation marks omitted)).

McKenzie's request for judicial notice is granted. *See* Fed. R. Evid. 201.

McKenzie's contentions regarding the allegedly improper extension of time to defendants to file an answer to the complaint after removal are unpersuasive.

**AFFIRMED.**